Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2904 | **DATE** | 6/21/2002 |
| **CASE TITLE** | RNF Enterprises, Inc. vs. Ecowater Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' motion to dismiss the counterclaims

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' motion to dismiss the Counterclaim must be and is denied summarily. Accordingly Complaint Count III is also dismissed on limitations grounds. That leaves only EcoWater's Counterclaim pending and Plaintiffs are ordered to file their answer to the Counterclaim on or before July 3, 2002. Finally a status hearing is set for 9 a.m. July 30 to discuss further proceedings and a timetable for what remains for resolution.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 2 4 2002 | |
| | Notified counsel by telephone. | date docketed | 14 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | SB. docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/21/2002 date mailed notice | |
| SN | courtroom deputy's initials | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

R.N.F. ENTERPRISES, INC., et al., )
)
                 Plaintiffs, )
)
v. ) No. 02 C 2904
)
ECOWATER SYSTEMS, INC., )
)
                 Defendant. )

**DOCKETED**
**JUN 2 4 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiffs-counterdefendants R.N.F. Enterprises, Inc. ("RNF"), Frank Heabler, Sr. and Ruth Heabler (collectively "Plaintiffs") and defendant-counterplaintiff EcoWater Systems, Inc. ("EcoWater") have each submitted timely filings to address issues posed by this Court's May 31, 2002 memorandum order (the "Order"). Those filings have enabled this Court to streamline this action still further (Counts I and II of Plaintiffs' Complaint have previously been dismissed on statute of limitations grounds, so that only Complaint Count III and EcoWater's Counterclaim remain pending up to this point).

For their part, Plaintiffs have filed a patently frivolous motion to dismiss EcoWater's Counterclaim. Quoting two provisions--Sections 23 and 29--of the January 3, 2000 Authorized Dealer Agreement between EcoWater and Plaintiffs' dealership[1] ("Agreement"), Plaintiffs attempt to point to EcoWater's

---

[1] This locution has been used advisedly. No finding is made or implied here as to the disputed issue whether the Heablers individually were parties to the Agreement.

purported failure to conform to the notice provisions of Agreement §29 regarding any violations of the Agreement as referred to in Agreement §23. But little analysis is required to demonstrate that Plaintiffs' position can scarcely be advanced with a straight face.

In that respect Plaintiffs refer only to Counterclaim Exs. C and D. According to Plaintiffs' counsel, those documents fail to conform to Agreement §29(a) because they were not personally served or sent by prepaid United States certified or registered mail, return receipt requested, and (b) because they were sent by EcoWater's law firm. That latter point is of course nonsensical, for there is no question that the law firm was authorized to act for EcoWater, so the short answer is "so what?" But even more fundamentally, the actual notice of termination of the Agreement--Counterclaim Ex. B--*was* sent by EcoWater itself on January 5, 2001, and it *was* sent by certified mail as Agreement §29(a) specified.

In candor, the just referred to contentions should never have been advanced by any responsible counsel. Plaintiffs' motion to dismiss the Counterclaim must be and is denied summarily.

That leaves for decision the question posed by the Order as to the timeliness of plaintiff's lawsuit (which was originally filed January 7, 2002 in the Circuit Court of Cook County) in

2

light of the shortest limitation period specified by Illinois Franchise Disclosure Act §27: "90 days after delivery to the franchisee of a written notice disclosing the violation." In that respect Plaintiffs' response has confirmed their counsel's inability to locate any published opinion--by the Illinois Supreme Court, any Illinois Appellate Court, our Court of Appeals or this or any other District Court--construing and applying that provision. Plaintiffs' counsel do refer to an unpublished opinion by this Court's colleague Honorable Ronald Guzman speaking to the related subject of the same statute's one-year limitation period (H.R.R. Zimmerman Co. v. Tecumseh Prods. Co., No. 99 C 5437, 2001 WL 289867 (N.D. Ill. Mar. 15)).

But neither that opinion nor our Court of Appeals' opinion to which it analogized (Pyramid Controls Inc. v. Siemens Indus. Automation, Inc., 172 F.3d 516 (7th Cir. 1999)) calls for application of other than the 90-day limitation period. Here Count III rests expressly on the premise that EcoWater's termination of the Agreement was of itself a flat-out violation of the Franchise Disclosure Act--here are Count III ¶¶9 and 10:

> 9. On January 5, 2001, ECOWATER SYSTEMS, INC. mailed a letter terminating the Agreements, a copy of which is attached hereto as Exhibit C.
>
> 10. ECOWATER SYSTEMS, INC.'s termination of the Agreements is in violation of the provisions of the Illinois Franchise Disclosure Act, Section 805 ILCS 19, in that the termination was not for good cause and Plaintiffs were not provided with 30 days after notice to cure any breach of the Agreements.

3

And even if a reasonable period of time to consult with an attorney were tacked onto the 90-day period (see Pyramid, 172 F.3d at 519-20), the limitations clock ran out well before Plaintiffs actually filed suit a full year after the notice of termination.

As suggested by the Order, this Court thus finds that the issue is controlled by the plain language of both the Franchise Disclosure Act and EcoWater's January 5, 2001 notice of termination of the Agreement. It was almost exactly a year after receiving that notice that Plaintiffs filed their January 2002 lawsuit claiming that such termination by EcoWater violated the Franchise Disclosure Act. And it surely cannot be gainsaid that if Plaintiffs are right in that respect, the asserted violation had to have been disclosed by--indeed, created by--the notice of termination itself. In short, plaintiffs cannot simultaneously argue (1) that the termination by EcoWater constituted a violation of the statute and (2) that Plaintiffs' receipt of the notice of termination failed to cause the statutory 90-day clock (likely amplified by a reasonable period of time to consult counsel) to begin ticking.

Accordingly Complaint Count III is also dismissed on limitations grounds.[2] That leaves only EcoWater's Counterclaim

---

[2] This ruling of course moots the various affirmative defenses ("ADs") that have been fleshed out in EcoWater's current filing. It is however worth commenting that EcoWater's AD 7--

4

pending, and Plaintiffs are ordered to file their answer to the Counterclaim on or before July 3, 2002. Finally, a status hearing is set for 9 a.m. July 30 to discuss further proceedings and a timetable for what remains for resolution.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 21, 2002

---

laches--and its AD 9--asserting equitable estoppel--would appear on their face to have considerable force as independent grounds for rejecting plaintiffs' action.